# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| NEVER-SEARCH, INC., | § |
| *Plaintiff,* | § § § |
| v. | § Case No.1:24-cv-06811 § § |
| HERE NORTH AMERICA, LLC | § § Jury Trial Demanded |
| *Defendant.* | § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Never-Search, Inc. ("Never-Search") files this suit against Defendant HERE North America, LLC ("HERE" or "Defendant") for infringement of United States Patent Nos. 7,388,519, 9,177,330, 9,599,479, and 10,509,810 (the "Asserted Patents); and alleges, with personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

### THE PARTIES

1. Plaintiff Never-Search, Inc. ("Never-Search") is a California corporation that holds all rights, titles, and interests in the Asserted Patents. Never-Search has a principal place of business at 10843 Wilkinson Ave., Cupertino, California.

2. Defendant HERE is a corporation incorporated in Delaware with its principal place of business at 425 W Randolph St, Chicago, IL 60606. HERE can be served with process by serving their registered agent National Registered Agents, Inc., at 208 South LaSalle St., Suite 814, Chicago, IL 60604.

3. HERE sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over HERE because HERE has its corporate North American headquarters in this District, has committed the infringement complained of in this District and throughout the state of Illinois, and regularly conducts business and/or solicits business in this District including selling, using, and offering to sale products and services that infringe Never-Search's Asserted Patents. This Court also has personal jurisdiction over HERE because HERE has placed infringing products and services into the stream of commerce, with the expectation they will be purchased and used by customers in Illinois and in this District, such that said customers have purchased and used, and continue to purchase and use, HERE's infringing products and services, which has allowed HERE to derive substantial benefits from infringing acts in this District and in Illinois.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b). Venue is also proper in this District because HERE, as alleged above, maintains a regular and established place of business in this District.

## FACTUAL BACKGROUND

7. Physical geographical maps and their electronic adaptations have historically been the bedrock of mapping technology. That is until Never-Search revolutionized mapping technology

by integrating qualitative information associated with nearby points of interest into these traditional geographical maps.

8. Integrating points of interest into mapping technology allows the consumer to digest both geographic mapping information and qualitative information associated to points of interest simultaneously. These points of interest may include any user-inputted or business-inputted locations such as restaurants, gas stations, golf courses, etc. This evolution in mapping technology allowed consumers to rely on a single platform to take care of its traditional geographic mapping needs while concurrently being exposed to qualitative information for each point of interest listed on the map, such as the point of interest's operating hours, available services, costs of services, amenities, ratings, etc. in addition to the business address, phone number, etc.

9. Prior to the recent proliferation of mapping technology that integrates qualitative information for points of interest, Never-Search began developing potential solutions to allow consumers the ability to access qualitative and geographic information concurrently within a single mapping platform.

10. Mr. Keith Kreft, an inventor and avid golfer, began to encounter issues finding information related to golf courses while traveling as part of his job. In the early 2000s, Mr. Kreft began envisioning a technological mapping architecture that incorporates qualitative information for golf courses without requiring the consumer to constantly switch between querying the internet for a golf course's qualitative information and returning to the traditional geographic map for directions. Moreover, as Mr. Kreft's travels frequently took him to unfamiliar areas, he began to develop a mapping architecture that also included helpful information related to other points of interest, such as coffee shops, hotels, restaurants, etc.

11. In 2003, Mr. Kreft began filing for patents that embodied the innovations that resulted from his extensive work on integrating points of interest with qualitative information into a geographical map. He also started a company, Never-Search, which owned the patents that the USPTO issued covering his inventions. These include United States Patent Nos. 7,388,519, 8,219,318 9,152,981, 9,177,330, 9,599,479, 10,509,810, 11,086,910, and 11,372,903.

12. These patents embodied Mr. Kreft's novel solution by which graphical maps would associate and display qualitative information with points of interest.

13. Mr. Kreft's inventions provide for displaying on a map icons identifying one or more points of interest corresponding to geographical locations of those points of interest while also concurrently displaying qualitative information associated with each point of interest.

14. Along with graphical maps that display and associate qualitative information with points of interest, the Asserted Patents also embody Mr. Kreft's inventions of methods, systems, and applications for updating, enhancing, organizing, and utilizing those maps. The Asserted Patents further disclose organizing and updating the information displayed on the graphical maps through a variety of different means including, for example, updating point of interest information through the participation of business owners or updating the maps by eliciting user-inputted manual updates such as moving point of interest icons.

15. Mr. Kreft was not an inventor in theory alone – he also channeled his revolutionary innovation into the Never-Search for Golf mapping product which garnered praise by the Wall Street Journal, the Florida Golf Magazine, and multiple other publications. In 2008, the Never-Search for Golf travel maps gained national attention in 2008 for accurately mapping all 18,475 golf courses in the nation with detailed information on each, along with driving ranges, golf stores,

and instructors. The travel maps also included important information on other points of interest for travelers, such as nearby coffee shops, airports, hotels, and restaurants.

16. Never-Search complied with all applicable marking requirements under 35 U.S.C. §287 by properly marking all, or at least substantially all, travel map products sold by Never-Search with applicable patent numbers.

17. HERE has commercialized a suite of web-based and digital map and navigational products and services under the brand HERE or HERE WeGo (hereafter the "Accused Products") which practice the technology invented and patented by Mr. Kreft and Never-Search.

18. HERE has never licensed or acquired rights to Never-Search's patents. Instead, HERE has made, used, sold, and/or offered for sale the Accused Products without license or other right to do so, and continue to conduct such infringement, as set forth below:

CAUSES OF ACTION

**Count I: Infringement of U.S. Patent No. 9,599,479 ("'479 Patent")**

19. All preceding factual allegations are incorporated as if fully set forth herein.

20. The USPTO duly and legally issued the '479 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '479 Patent to Never-Search.

21. The '479 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

22. HERE has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '479 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '479 Patent. For example, Claim 1 of the '479 Patent recites:

A method, comprising:

> causing a point of interest icon to be displayed at a first location on a geographical map on a computer display;
>
> after movement of the icon on the displayed geographical map by a user and an indication by the user that indicates that the moved icon is now located at a second more representative location for the point of interest, receiving geo-coordinate data of the second more representative location for the point of interest;
>
> storing said geo-coordinate data of the second location of the point of interest as a database entry that is associated with said point of interest; and, thereafter,
>
> providing the second location geo-coordinate data of the point of interest through the internet to a plurality of map display programs for display on a plurality of displays associated with a plurality of computers.

HERE's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 1.

23. HERE committed these infringing activities without license from Never-Search. HERE's acts of infringement have damaged Never-Search as owner of the '479 Patent. Never-Search is entitled to recover from HERE the damages it has sustained as a result of HERE's wrongful acts in an amount subject to proof at trial. The infringement of the '479 Patent by HERE has damaged and will continue to damage Plaintiff.

**Count II: Infringement of U.S. Patent No. 10,509,810 ("'810 Patent")**

24. All preceding factual allegations are incorporated as if fully set forth herein.

25. The USPTO duly and legally issued the '810 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '810 Patent to Never-Search.

26. The '810 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. HERE has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '810 Patent. The infringing acts include, but are not limited

to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '810 Patent. For example, Claim 11 of the '810 Patent recites:

> A method of updating map information, the method comprising:
>
> > causing a point of interest icon to be displayed at a first location on a geographical map on a computer display;
> > after movement of the icon on the displayed geographical map responsive to input from a user and an indication by the user that indicates that the moved icon is now located at a second more representative location for the point of interest, receiving geo-coordinate data of the second more representative location for the point of interest;
> >
> > storing said geo-coordinate data of the second location of the point of interest as a database entry that is associated with said point of interest and also storing a date stamp value in association with the received geo-coordinate data indicating when the storing occurred; and,
> >
> > thereafter, providing the second location geo-coordinate data of the point of interest through a communication channel to a plurality of map display programs for display on a plurality of displays associated with a plurality of computers.

HERE's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 2.

28. HERE committed these infringing activities without license from Never-Search. HERE's acts of infringement have damaged Never-Search as owner of the '810 Patent. Never-Search is entitled to recover from HERE the damages it has sustained as a result of HERE's wrongful acts in an amount subject to proof at trial. The infringement of the '810 Patent by HERE has damaged and will continue to damage Plaintiff.

**Count III: Infringement of U.S. Patent No. 7,388,519 ("'519 Patent")**

29. All preceding factual allegations are incorporated as if fully set forth herein.

30. The USPTO duly and legally issued the '519 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '519 Patent to Never-Search.

31. The '519 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32. HERE has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '519 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '519 Patent. For example, Claim 1 of the '519 Patent recites:

> A method comprising:
>
> providing first and second point of interest data sets
>
> receiving update data with respect to said first and second point of interest data sets to create first and second updated point of interest data sets;
>
> selectively providing, through the Internet, for display on a plurality of maps, to a plurality of map display programs, said first or second updated point of interest data sets:
>
> wherein the method is performed by one or more computing devices.

HERE's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 3.

33. HERE committed these infringing activities without license from Never-Search. HERE's acts of infringement have damaged Never-Search as owner of the '519 Patent. Never-Search is entitled to recover from HERE the damages it has sustained as a result of HERE's wrongful acts in an amount subject to proof at trial. The infringement of the '519 Patent by HERE has damaged and will continue to damage Plaintiff.

**Count IV: Infringement of U.S. Patent No. 9,177,330 ("'330 Patent")**

34. All preceding factual allegations are incorporated as if fully set forth herein.

35. The USPTO duly and legally issued the '330 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '330 Patent to Never-Search.

36. The '330 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

37. HERE has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '330 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '330 Patent. For example, Claim 11 of the '330 Patent recites:

> A method of updating map information, the method comprising:
>
> > causing a point of interest icon to be displayed at a first location on a geographical map on a computer display;
> >
> > after movement of the icon on the displayed geographical map responsive to input from a user and an indication by the user that indicates that the moved icon is now located at a second more representative location for the point of interest, receiving geo-coordinate data of the second more representative location for the point of interest;
> >
> > storing said geo-coordinate data of the second location of the point of interest as a database entry that is associated with said point of interest and also storing a date stamp value in association with the received geo-coordinate data indicating when the storing occurred; and,
> >
> > thereafter, providing the second location geo-coordinate data of the point of interest through a communication channel to a plurality of map display programs for display on a plurality of displays associated with a plurality of computers.
>
> HERE's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 4.

38. HERE committed these infringing activities without license from Never-Search. HERE's acts of infringement have damaged Never-Search as owner of the '330 Patent. Never-Search is entitled to recover from HERE the damages it has sustained as a result of HERE's wrongful acts in an amount subject to proof at trial. The infringement of the '330 Patent by HERE has damaged and will continue to damage Plaintiff.

**JURY DEMAND**

39. Never-Search hereby demands a trial by jury on all issues.

**PRAYER**

Wherefore, Never-Search prays for entry of judgment as follows:

40. A judgment in favor of Never-Search that HERE has infringed and is infringing, either literally and/or under the doctrine of equivalents, the Asserted Patents;

41. An award of damages in favor of Never-Search adequate to compensate Never-Search for HERE's infringement of the Asserted Patents which shall in no event be less than a reasonable royalty, together with interest and cost as fixed by the court pursuant to 35 U.S.C. § 284;

42. An award of an ongoing royalty for HERE's post-judgment infringement in the event a permanent injunction is not granted;

43. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;

44. An award of costs and expenses as deemed appropriate by the Court; and

45. Any other legal or equitable relief to which Never-Search is justly entitled.

| | |
|---|---|
| Dated: August 2, 2024 | Respectfully submitted,<br><br>*/s/ Jason S. McManis*<br>Jason S. McManis<br>State Bar No.: 24088032<br>Weining Bai<br>State Bar No.: 24101477<br>Kelsi White<br>State Bar No.: 24098466<br>Enes Ovcina<br>State Bar No.: 24134177<br>Michael Killingsworth<br>State Bar No.: 24110089<br>Ab Henry<br>State Bar No.: 24131987<br>**AHMAD, ZAVITSANOS & MENSING, PLLC**<br>1221 McKinney Street, Suite 2500<br>Houston, Texas 77010<br>(713) 655-1101<br>jmcmanis@azalaw.com<br>wbai@azalaw.com<br>kwhite@azalaw.com<br>eovcina@azalaw.com<br>mkillingsworth@azalaw.com<br>ahenry@azalaw.com<br><br>*Attorneys for Plaintiff*<br>**Never-Search, Inc.** |

11